**Alice Celeste FLETCHER, an infant who sues by her Father, William J. Fletcher, as Next Friend and William J. Fletcher, Appellees,**

**v.**

**Harrison TAYLOR, Appellant.**

**No. 9633.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 20, 1964.

Decided March 25, 1965.

**94**

Daniel W. Wilkinson, Jr., Newport News, Va. (Ford, West & Wilkinson, Newport News, Va., on brief), for appellant.

Israel Steingold, Norfolk, Va. (Steingold, Steingold & Chovitz, Norfolk, Va., and Charles H. Gordon, Hampton, Va., on brief), for appellees.

Before BOREMAN and BRYAN, Circuit Judges, and NORTHROP, District Judge.

BOREMAN, Circuit Judge.

Appellant, Harrison Taylor, while driving his automobile along Pembroke Avenue, a four lane street running east and west, in the City of Hampton, Virginia, struck Alice Celeste Fletcher, a female infant five years of age. Taylor at the time was traveling east in the inside lane within the legal speed limit. Alice, who had been visiting a home located on the south side of Pembroke Avenue, was leaving the area and was in the act of crossing that street in a northerly direction when she was struck. The accident occurred at or near the line dividing the two eastbound lanes of traffic, each lane being ten feet wide. As a result of the impact, Alice was knocked to the pavement and medical reports revealed a fractured skull, a severely fractured and bent jaw bone and numerous contusions and abrasions. She was hospitalized from April 7, 1961, until April 24, 1961. From that time to the date of trial she had made periodic visits to doctors, dentists and an orthodontist who were in the process of repairing and straightening her lower jaw bone so that she would have proper occlusion of the teeth. The medical evidence revealed that when this process was completed, which was estimated to take approximately four years, there would be no permanent injuries although the child's face would be slightly misshaped.

Alice, by her father, William J. Fletcher, as next friend, brought an action to recover damages for her personal injuries. The father instituted a second action to recover hospital and medical expenses incurred and to be incurred and for loss of his daughter's services during her minority. The two actions were consolidated for trial by the court without a jury. The District Court found that Taylor was negligent in that he had failed to keep a proper lookout and awarded Alice the sum of $10,000 to compensate her for her injuries. Judgment in the amount of $4,500 was rendered in favor of the father to compensate him for medical expenses and hospital bills already incurred and to be incurred in

the future and for the loss of his daughter's services during her minority.

 Taylor first contends that the judgment in favor of Alice based upon defendant's negligence was not supported by credible evidence. After carefully reviewing the record, we find this contention to be without merit. Although Alice and defendant were the only eyewitnesses to the accident and their testimony was somewhat conflicting, the testimony of Taylor and other witnesses who appeared at the scene of the accident, the physical facts surrounding it and the permissible inferences arising from the circumstances were sufficient to support the court's finding. It follows that on this record we cannot say that this finding was clearly erroneous.

Taylor next attacks the judgment entered in favor of the father for the sum of $4,500 on the grounds that the award was excessive and that the amount granted for loss of services during the daughter's minority was without evidence to support it. Certainly, this award to compensate the father for expenses incurred and to be incurred is not so excessive that it cannot be justified on the basis of the evidence in the record. Cf. Virginian Ry. Co. v. Armentrout, 166 F.2d 400, 4 A.L.R.2d 1064 (4 Cir. 1948). The actual expenses already incurred in attempting to cure the child amounted to $1,143 and future necessary dental bills were estimated at $2,105. These amounts do not appear to us to be unreasonable. However, it is obvious that the balance of the $4,500 award, namely $1,252, was to compensate the father for loss of his daughter's services.

Generally, the parent, or person standing in the place of the parent, has a right to recover for the loss of services, partial or complete, of a minor child during the period of minority. Annots., 37 A.L.R. 11, 15, and 32 A.L.R. 2d 1060, 1064. It must be shown, however, that loss of services has occurred or will, to a reasonable certainty, be sustained as a result of the child's injuries. The damages thus recoverable would normally be the gross value of the services lost during the child's minority, less whatever the probable earning capacity of the child in its incapacitated condition will be from the date of the injury to the date of majority. 39 Am.Jur., Parent and Child, § 80. The evidence disclosed that Alice's injuries, while severe, were neither permanent nor disabling and there was no evidence to even suggest that her injuries would prevent her from performing the ordinary and customary duties of a female child or reduce her earning capacity. We think it was error to include in the award to the father damages based upon loss of the child's services.

The judgment in favor of the infant, Alice Celeste Fletcher, is affirmed, but the father's case will be remanded with directions to set aside the judgment in his favor and to enter a judgment in conformity with the views herein expressed.

Affirmed in part, reversed in part and remanded.